UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRANDY L.,

                Plaintiff,

   v.                                         3:20-CV-1127
                                                         (DJS)

KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,[1]

                Defendant.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

LACHMAN & GORTON                  PETER A. GORTON, ESQ.
Attorney for Plaintiff
1500 East Main Street
P.O. Box 89
Endicott, New York 13761-0089

U.S. SOCIAL SECURITY ADMIN.     AMELIA STEWART, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d). The Clerk is directed to modify the docket accordingly.

## **MEMORANDUM-DECISION AND ORDER**[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11 & 15. Each party submitted additional briefing. Dkt. Nos. 18 & 21. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff applied for disability and disability insurance benefits as well as supplemental security income on April 25, 2017. Dkt. No. 10, Admin. Tr. ("Tr."), pp. 98-99. Plaintiff alleges disability based upon degenerative disc disease, degenerative joint disease with nerve damage, fibromyalgia, chronic migraines, chronic bursitis in right shoulder, chronic pancreatitis, and post-traumatic stress disorder. Tr. at pp. 72-73. She alleged a disability onset date of October 14, 2014, which was later amended to November 1, 2017. Tr. at pp. 16 & 72. Plaintiff's applications were initially denied in May 2018. Tr. at pp. 14. Plaintiff appeared at a hearing before ALJ Michael J. Kopicki

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

1

on June 11, 2019 at which Plaintiff and vocational expert ("VE") testified. Tr. at pp. 33-71. On July 16, 2019, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 14-26. On July 20, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2020. Tr. at p. 16. Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical spine, lumbar spine, and thoracic spine; ganglion cyst and tendinitis of the left knee, status post arthroscopy; depressive disorder; anxiety disorder; and post-traumatic stress disorder." *Id.* Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 17. The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform light work with limitations. Tr. at p. 19. Next, the ALJ found that Plaintiff could not perform her past relevant work. Tr. at p. 24. Finally, the ALJ went on to find that there was also other work existing in significant numbers in the national economy

that Plaintiff could perform. Tr. at p. 25. The ALJ, therefore, concluded that Plaintiff is not disabled. *Id.*

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

### A. The ALJ's Severity Determination

"At step two of the sequential analysis, the ALJ must determine whether the claimant has a 'severe medically determinable physical or mental impairment.'" *Pepper v. Comm'r of Soc. Sec.*, 2015 WL 3795879, at *2 (N.D.N.Y. June 17, 2015) (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). "The purpose of the Step Two severity analysis is to screen out only the weakest claims." *Dawn Lyn C. v. Kijakazi*, 2021 WL 4398372, at *4 (D. Conn. Sept. 27, 2021). "The claimant bears the burden of presenting evidence establishing severity." *Henry v. Astrue*, 32 F. Supp. 3d 170, 180 (N.D.N.Y. 2012). That

5

burden, however, "is not heavy." *Marcus L. v. Comm'r of Soc. Sec.*, 2021 WL 4204981, at *3 (W.D.N.Y. Sept. 16, 2021) (internal quotation and alteration omitted).  Plaintiff alleges that the ALJ erred in not finding her fibromyalgia to be a severe impairment.  Dkt. No. 11, Pl.'s Mem. of Law at pp. 9-13.  The Court agrees that more analysis of the question was required.

"SSR 12-2p provides guidance on how ALJ's should evaluate whether fibromyalgia is a medically determinable impairment and how to evaluate its limiting effects. The ruling recognizes two sets of criteria for diagnosing fibromyalgia." *Wood-Callipari v. Comm'r of Soc. Sec.*, 2016 WL 3629132, at *3 (N.D.N.Y. June 29, 2016) (quoting SSR 12-2p, 2012 WL 3104869, at *2-3).

> The first set of criteria requires (1) a history of widespread pain-that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back)–that has persisted . . . for at least 3 months and (2) at least 11 positive tender points on physical examination . . . found bilaterally (on the left and right sides of the body) and both above and below the waist and (3) evidence that other disorders that could cause the symptoms or signs were excluded.
>
> The second set of criteria requires all three of the following criteria, including (1) a history of widespread pain, (2) repeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome, and (3) evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.

*Miller v. Colvin*, 2016 WL 4402035, at *6  n. 2 (N.D.N.Y. Aug. 18, 2016) (quoting SSR 12-2p, 2012 WL 3104869, at *2-3) (internal quotations and alterations omitted).  Either

set of criteria "is sufficient to establish the impairment." *Warthan v. Comm'r of Soc. Sec.*, 2017 WL 79975, at *6 (N.D.N.Y. Jan. 9, 2017). Plaintiff alleges that the ALJ did not fully consider these criteria. Pl.'s Mem. of Law at pp. 9-13.

The ALJ's discussion of fibromyalgia, which concluded that it was not a medically determinable impairment, references only two considerations. First, he indicated that Plaintiff had failed to establish the required number of tender point findings. Tr. at p. 17. That finding is relevant to only one of the two criteria applicable to fibromyalgia, however. Second, the ALJ found that there "is no evidence that medical doctors have excluded other impairments." Tr. at p. 17. The Court agrees with Plaintiff that, as stated, that conclusion is not supported by substantial evidence.

Plaintiff has a fibromyalgia diagnosis which is documented multiple times in her medical records. Tr. at pp. 377-78, 563, 573, & 582. The record also "reveals some evidence that her doctors performed tests to rule out other disorders that might have caused her symptoms." *Diaz v. Comm'r of Soc. Sec.*, 2019 WL 2401593, at *5 (W.D.N.Y. June 7, 2019); *See* Tr. at pp. 391, 402-03, 514. That testing was clearly some evidence of Plaintiff's medical providers' efforts to exclude other causes. *Susan C. v. Saul*, 2019 WL 4643717, at *5 (N.D.N.Y. Sept. 24, 2019); *Diaz v. Comm'r of Soc. Sec.*, 2019 WL 2401593, at *5. The ALJ, however, made no reference to any of that testing.

Given this, the ALJ failed to fully consider the impact of Plaintiff's fibromyalgia. *Grubbs v. Comm'r of Soc. Sec.*, 2019 WL 1298481 at *5 (W.D.N.Y. Mar. 21, 2019); *Kirah D. v. Berryhill*, 2019 WL 587459 at *7 (N.D.N.Y. Feb. 13, 2019); *Durodoye v.*

*Comm'r of Soc. Sec.*, 2018 WL 1444212, at *6 (N.D.N.Y. Mar. 20, 2018). At the very least, the ALJ's decision is insufficient to demonstrate that the proper analysis was conducted. *See Dawn P. v. Berryhill*, 2019 WL 1024279, at *7 (N.D.N.Y. Mar. 4, 2019) (ALJ has an obligation to provide a sufficiently specific decision so that the reviewing court can assess the propriety of the decision). It may be that substantial evidence would support a well-reasoned conclusion that Plaintiff failed to *establish* the exclusion of other causes for her symptoms. The Court concludes only that the ALJ erred in finding that there was no evidence of exclusion, and that remand is required for that complete review of whether Plaintiff has carried her burden to establish fibromyalgia was a severe impairment. *See Dickinson v. Berryhill*, 2017 WL 2492614, at *4 (N.D. Ind. June 9, 2017) (noting "Plaintiff has a dual burden of production and persuasion at step two").

While an error at step two may sometimes be deemed harmless, *Pascal T. v. Berryhill*, 2019 WL 316009, at *7 (N.D.N.Y. Jan. 24, 2019) (citing cases), the Court cannot conclude that the error was harmless in this case. Courts have long recognized that "the unique nature of fibromyalgia" makes it a particularly difficult condition to evaluate in the context of disability cases. *Campbell v. Colvin*, 2015 WL 73763, at *5 (N.D.N.Y. Jan. 6, 2015). Part of the difficulty in analyzing it relates to the fact that "there are no objective tests which can conclusively confirm the disease." *Fuller v. Comm'r of Soc. Sec.*, 2015 WL 5512383, at *7 (N.D.N.Y. Sept. 16, 2015). Here, in later parts of the ALJ's sequential analysis, he notes that Plaintiff's subjective complaints are not consistent with the medical record taken as a whole Tr. at pp. 20 & 24. He also

does not discuss the opinion offered by Dr. Mandall, a treating provider for fibromyalgia, at all. *See* Tr. at pp. 19-24. Given that a different analysis of Plaintiff's fibromyalgia at step two may have impacted these findings, the Court cannot find that the step two error was harmless. *See, e.g., Cook v. Comm'r of Soc. Sec.*, 2019 WL 2082305, at *2 (W.D.N.Y. May 13, 2019) (finding improper analysis of fibromyalgia at step two to not be harmless); *Grubbs v. Comm'r of Soc. Sec.*, 2019 WL 1298481 at *5 (same). Remand for further proceedings, therefore, is necessary.

## B. Plaintiff's Remaining Contentions

Plaintiff raises several additional arguments related to the ALJ's consideration of medical opinions, his RFC determination, and the finding at step five of the sequential analysis. Pl.'s Mem. of Law at pp. 13-24. These issues present questions directly related to and dependent upon the ALJ's evaluation of the severity of Plaintiff's fibromyalgia. Any discussion of these issues now would be purely hypothetical given the need for the ALJ to reconsider that condition. There is thus no need to pass on those questions at this time. *See Hamilton v. Astrue*, 2012 WL 5303338, at *3 (N.D.N.Y. Oct. 25, 2012) ("Because [plaintiff's] remaining arguments are contingent upon the ALJ's resolution of the foregoing issue on remand, the court need not address them.")

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** pursuant to sentence four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: March 7, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge